IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON MISSISSIPPI



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 17 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

NATHAN JENKINS,
( Petitioner)

v.

COMPLAINT AND JURY DEMAND
CASE No. 3:15cv 908-WHB-JCG

UNITED STATES OF AMERICA
FEDERAL BUREAU OF PRISONS
FCI YAZOO CITY MEDIUM SECURITY PRISON
Dr. A. Chambers, MD/CD FCI YAZOO CITY
Dr. Norma Natal-Castro, MD FCI YAZOO CITY
Lavonne Boose, RN FCI YAZOO CITY
Michaela Chano, RN/IDC/IOP FCI YAZOO CITY
(Defendants)

## JURISDICTION

This action is brought by the petitioner Nathan Jenkins, who is an inmate in the custody of the federal bureau of prisons at FCI Yazoo City in Yazoo City Mississippi, the listed defendants are the United states Government or employee's of the United States Government at FCI Yazoo city, Yazoo City Mississippi. This District Court holding all jurisdiction over this action in and under the Federal tort Claims Act,28 USC 2671 et. seq.(see Allen v. United States 590 F. 3d 541 544 (8th Cir. 2009) and 28 USC 1331 and in conjunction under Bivens v. 6 Unknown named agents of the Federal Bureau of Narcotics, 403 US 388 91 S. Ct. 1999 29 L.Ed. 2d 619 (1971)(Bivens). This court holds jurisdiction where Federal Prisoners my RECOVER against those employed by the United States Government and the United States Government.

## STATEMENT OF THE COMPLAINT

COMES NOW Nathan Jenkins, Plaintiff, acting Pro Se, in the above styled and titled action filing this Complaint against the above listed defendants in their official capacity as federal employees, and also as individuals under "BIVENS" where the above listed defendants also acted outside the scope and description of their official duties and violated the plaintiff's constitutional right under the EIGHTH AMENDMENT. and in doing this with deliberate indifference to the care and harm that this would cause the plaintiff. Plaintiff Prays that this Court will construe his pleadings liberally in light of Haines v. Kerner, 404 US 519 520-21 92

S.Ct. 594 30 L.Ed. 2d 652 (1972) holding that "Pro Se litigants are to be held to a lesser standard of review than lawyers who are formerly trained in the law. and are entitled to a liberal construction of their pleadings."

## STATEMENT OF THE ISSUES

the Plaintiff reported to sick call complaining of problems with his eye and his vision, this being a serious issue effecting his ability to see. The above listed Defendants did with deliberate indifference and negligence and with that negligence above gross negligence and more that of criminal liability. refuse to in a timely manner render proper medical care for the defendant over a period of months. this care of lack of care did cause the Plaintiff to loose vision in his **Left** eye and this was preventable. Plaintiff is Complaining and demanding a jury trial to determine the level of liability of each listed defendant and to recover damages from each as the Jury deems appropriate.

Plaintiff has exhausted his administrative Remedy under FBOP Policy with the BP-8, BP-9, BP-10 and BP-11 meeting the requirements under "BIVENS" (see Jones v. Bock, 549 US 199 216 127 S.Ct. 910 166 L.Ed. 2d 798 (2007). and the Plaintiff has filed the required SF-95 form with The Regional Office of the Federal Bureau of Prisons at Camp Creek Parkway, Atlanta Georgia, as required under the Federal Tort Claim Act, and by FBOP policy. all of these exhaustions were denied by the appropriate authority, and now the Plaintiff files this Action in the United States District Court of the Southern District Mississippi, Jackson Division, where the incident occurred, where the defendants are employed, and the Plaintiff is confined.

## STATEMENT OF THE FACTS

On May 24, 2013, Plaintiff woke up with blurred vision and straight lines in his vision bending lightly. Plaintiff immediately went to sick-call and informed Nurse Chano that his vision was blurred and bending nurse Chano had plaintiff read the eye chart and tested Plaintiff for eye glasses. Plaintiff informed her that he needed to see the EYE DOCTOR [see exhibit A]

after being placed on a list to see the optometrist, plaintiff was called in to see Dr. Natal-Castro for an Optometry consultation on May 28, 2013. This was Plaintiff's first encounter with Dr. Natal-Castro after consistent complaining about his blurring and bending eye vision. [see exhibit B].

On June 6, 2013, Plaintiff E-mailed Dr. Natal about his vision getting worse and asked when he would be seen by an Optometrist. Dr Natal responded to watch for the call-out on June 20th. [see exhibit C].

On June 11, 2013, Plaintiff went to sick call to find out when he was going to see the Optometrist. Plaintiff

2

informed the Nurse, Lavonne Boose, it was an emergency because he was going blind in his left eye. Nurse Boose gave him an eye patch and informed him to watch for the call outs. [see exhibit D]

From May 6, 2013 when Plaintiff first reported to sick call with blurred and bending vision and June 11, 2013, he had no blob in his vision.

On June 24, 2013, Plaintiff was called in to see Dr. Parker, Optometrist. Plaintiff informed Dr. Parker of his blurring and bending vision and that there was now a dark spot in his vision. After checking Plaintiff's eye, Dr. Parker informed Plaintiff that he had a retinal hemorrhage OS and that he needed to see a specialist as soon as possible [see exhibit E].

On June 25, 2013, Dr. Chambers, Clinical Director concurred with Dr. Parker and recommended that Plaintiff see a specialist immediately [see exhibit F].

On June 25, 2013 Plaintiff e-mailed Dr. Natal and asked if he could get a medical slip acknowledging that he received an eye patch and that he was authorized to wear the eye patch [see exhibit G].

On June 26, 2013 Plaintiff emailed Dr. Natal asking her about his immediate appointment with an eye specialist, in which she informed him that a consultation with the retina specialist has been generated. she stated that no expedite and/or emergency to the extent of the alleged retina specialist being generated. [see exhibit H].

On July 6, 2013, over two weeks from the time the plaintiff was told that he needed to see the Retina Specialist immediately, Plaintiff emailed Dr. Natal to inform her that his left eye was much worse and almost now completely blind. Dr. Natal informed him that he needed to bring his eye glasses to medical for an eye exam on July 25, 2013. [see exhibit I].

On July 9th 2013, Plaintiff was called in for a follow-up [see exhibit J].

On July 16, 2013, Plaintiff was taken to see the eye specialist, Dr. McMillan (1421 North State Street, Suite #503, Jackson Mississippi, 39202). Dr. McMillan's diagnosis included blood vessel growth in Plaintiff's left eye causing first blurriness and then eventually blindness. plaintiff was given an eye injection (AVASTIN) to shrink the blood vessel growth. Plaintiff responded to the treatment because the blood vessel shrank.

His limited vision in his left eye was now due to damage from scar tissue. Since Plaintiff responded to the treatment (AVASTIN INJECTION), Dr. McMillan informed Plaintiff that his eye could have been saved and or his vision could have been saved had he gotten into see him sooner. Dr. McMillan confirmed that he could have saved Plaintiff's left eye and his vision [see exhibit K].

### FIRST CLAIM FOR DAMAGES
### UNITED STATES OF AMERICA

The FTCA is a specific statutory waiver of the Federal Government's sovereign immunity. See Primeaux v. United States, 181 F. 3d 876 878 (8th Cir. 1999) (the FTCA is a limited waiver of the federal government's sovereign immunity") cert. denied, 528 US 1154 120 S. Ct. 1159 145 L.Ed. 2d 1071 (2000). Under the FTCA, a party can maintain an action against the United States, in Federal Court, for money damages arising from "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment..." title 28 USC 1346(b). "Jury trials are allowed for medical malpractice claims in Mississippi, see e.g., Fulton v. United States, 198 Fed. Appx. 210 (3rd. Cir. 2006).

Plaintiff's claim is against Federal Employee's for Medical negligence, and though this raises to the level of deliberate indifference, in part the court or the Federal Government may deem that these were not outside the scope of their duties and that instead of the individual being responsible for their actions, that indeed, the Federal Government is responsible for the liability and damages to the Plaintiff. plaintiff has exhausted his administrative Remedy in the FTCA by filing a timely SF-95 form with the Regional Offices of the Federal Bureau of Prisons, Camp Creek Parkway, Atlanta Georgia, and having not received an acceptable answer to his complaint has now filed this action in the District Court to resolve this matter. as outlined above, the Plaintiff contends that he did not receive proper care for his emergent medical need as is his right under the VIII Amendment of the constitution. and while he was an inmate confined in the care and custody of the Federal Bureau of Prisons he was denied the basic human necessities of health care that being necessary prompt treatment for his eye problems. had the plaintiff received proper medical care as was prescribed by medical professionals. and had the medical staff of Yazoo City not been deliberately indifferent to his emergent needs, he would still have full or better use of his left eye and his vision. This need was made known to all the individuals listed as defendants, and all are employee's of the Federal Bureau of Prisons at FCI Yazoo City Medium Facility where Plaintiff is confined. This care was denied to the Plaintiff for over 57 days, and cost him the vision in his left eye. had the care been given

4

within a reasonable time from the date first reported. his vision could have been saved, or the damage reduced to a much lower level. this was not done and Plaintiff is due to recover damages from the United States Government in this matter.

## SECOND CLAIM FOR DAMAGES
## DR. CHAMBERS,MD; DR. NORMA NATAL-CASTRO,MD;
## LAVONNE BOOSE, RN; MICHAELA CHANO, RN

1. Ms. Chano was the first to encounter Plaintiff during his first sick call on May 24, 2013, where he complained of blurred and bending vision. he stated to Nurse Chano that he did not need to be seen for glasses, that there was something serious and very different going on with his vision, that it was particular to his left eye and that it was of a sudden onset. Nurse Chano failing to make any notes of this on the triage or visit slip. also failing to take the word of the inmate, and failed to allow or schedule a visit for his emergent need. [see exhibit A] drastic change in vision can be the sign of other more serious conditions, alone would warrant further investigation, testing by a person who is formally trained in this field. for Nurse Chano to deny this shows clearly that she was deliberately indifferent to the care, pain and medical treatment of the inmate. this in violation of Plaintiff's 8th amendment right to proper medical care and prompt care for an emergent need. had this been done properly, the plaintiff would still have vision in his left eye. Were the Federal Government to accept that Michaela Chano, RN acted with the proper scope of her job, then they would also have to accept liability under the FTCA and in that the Federal Government would accept to pay the damages in this instance, or The defendants part in liability. were the Federal Government not willing to accept Plaintiffs' liability and state that she was acting outside the scope of her duties, Michaela Chano, RN would be subject under the Defendants claims under "BIVENS". [Id. at 842 Farmers "[A] fact finder may conclude that a prison official knew of a substantial risk from the vary fact that the risk was obvious".]

see. e.g. Farmers 511 US at 833-34; Youngberg, 457 at 315-16; Hutto, 437 US at 682 n.3; Blackmon v. Lombardi, 527 F. Appx 583, 584-85 (8th Cir. 2013); Rollie v. Kemra, 124 F. Appx. 471, 473-74 (8th Cir. 2005); Spruce 149 F. 3d. at 785; William v. Mueller, 13 F.3d. 1214 1216 (8th Cir. 1981) Aff'd sub nom. Smith v. Wade, 461 US 30 103 S. Ct. 1625 75 L. Ed. 2d 632 (1983). Holding "A prison official may be held liable under the 8th amendment if he/she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it "Coleman v. Rahija 114 F 3d 778 785 (8th Cir. 1997) this knowledge need not be particularized - Dulany 132 F. 3d at 1239 (deliberate indifference may be demonstrated by prison guards who intentally interfere with prescribed treatment or by prison doctors who fail to respond to prisoner's serious medical needs). viewed in a light most favorable to the plaintiff [see Popoalii v. Corr. Med. Servs. 512 F. 3d 488 499 (8th Cir. 2008). the subjective standard does not invite prison supervisors to bury their heads in the sand see id. (explaining "a prison official... would not escape liability if the evidence showed that he merely refused to verify underlying facts that he/she strongly suspected to be true, or declined to confirm inferences of risk that he/she strongly suspected to exist") Tlamka v. Serrell, 244 F. 3d 628 634 (8th Cir. 2001) Court must accept facts as recited

in prisoners affidavits as true; determination as summary judgment stage my not be based on weighing or evidence or on credibility determinations. sufficient culpable state of mind [Thomas v. Bryant 614 F. 3d 1288 1304 (11th Cir. 2010); Farmer v. Brennan 511 US 825 834 114 S. Ct. 1970 1977 128 L. Ed. 2d 81 (1994)] as shown here where each of the defendants shown that they knew that the Plaintiff has a serious medical need, and they fail to respond to this need. Human need where Plaintiff was suffering and complaining for many day period of time with continual and sever pain and anguish [see Jordan v. Doe. 38 F. 3d 1159 1565 (11th Cir. 1995); Wilson v. Seite 501 US 294 305 111 S.Ct. 2321 2327 115 L. Ed. 3d 271 ( 1994) and posed a risk of serious damage to plaintiff's future health.

2. Four Days after the Plaintiff put in a sick call for an emergent need, he was finally seen by Dr. Norma Natal-Castro, MD for vision screening, Optometry consultation. again there are no notes as to the complaint from the Inmate and the only notes are the levels of vision. no address or check of the type of vision or any other test or results. this was the same for the previous visit with Nurse Chano. [see exhibit B] had Dr. Natal-Castro taken the time to do further testing or to make a referral to someone formally trained in this field, Plaintiff would still have good vision in his left eye. Plaintiff made complaints via. email to Dr. Natal, and was told to watch for call out on June 20, 2013, Plaintiff placed another sick call as he was told by medical staff listed to do if his condition worsened, it did [see exhibit D] this was by Lavonne Boose, RN, the Plaintiff had been seen, the condition was getting worse, he was in sever pain, as noted in exhibit D as (8 sever) headaches, and vision getting worse, with his already emergent situation this was ignored at this time, there was no referral made to Dr. Natal.

this was delayed until June 24, 2013 a full 31 days later, where the optometrist did see Plaintiff, at that time the Optometrist informed Dr. Natal that he could not help plaintiff, that he needed to see a specialist ASAP. With a Optometrist being called in for a consult, and his diagnosis being given, this is a professional opinion and that above that of medical staff not formally trained in this field. therefore his opinion though not having to be recognized by the FBOP is recognized medically and humanely for these purposes. [see exhibit E] in this Dr. Natal was informed of the emergent need at this time. [see exhibit F] note on this form that the ASAP consultation appeals several times. but was ignored. she was deliberately indifferent in her treatment of the plaintiff, with the possibility of losing sight in his eye, or this could be signs of something more serious, she was indifferent in that she allowed this to worsen over 35 days, and 31 of those after she had seen the Plaintiff. With no other reason other than cost of transport of the Plaintiff to an outside facility to have his eye checked. to not render care due to cost is wrong. Nurse Boose was deliberately indifferent in that she failed to act with the return of the Plaintiff to medical, that his emergent need was getting much worse. that he was in sever pain.

3. On June 25, 2013, Dr. A. Chambers, MD, the Clinical Director at FCI Yazoo City concurred with the optometry consult and for emergent need of a Retinal Specialist. this again was postponed for some reason. instead of sending the inmate who has already now waited over 35 days with sever pain and loss of vision in his left eye, Clinical Director does not act, its his duty and responsibility now, he is no longer just a supervisor of the medical staff, but he is fully vested in this.

none of the above listed defendants offered any assistance other than ibuprofen and eye patches to treat some of the symptoms but not to aid or do any thing to correct the problem. this was not done for a full 22 days later, on July 16, 2013 when Plaintiff was finally transported to see Dr. Fred McMillan in Jackson Mississippi. [see exhibit K] where Plaintiff had his eye injected with medication specific to his condition he responded well to this, and was told that if he had been seen by this doctor earlier, and not waited the now 57 days, that his vision would have been back to normal and he would not be blind in his left eye. [see exhibits K] Dr. McMillan is Plaintiffs medical professional in this matter, as its his only available at this time without a court order for further to the FBOP, Plaintiff does not have the ability or the resources to obtain further needed professional information. Plaintiff would call this doctor as his witness and professional medical resource. Plaintiff has also during the time that was delayed for this treatment contacted by email and sick calls informing the above listed that his condition was getting worse. [see exhibits G, H, I, & J]. Plaintiff also attempted to have the FBOP take care of this outside of court by the use of the Administrative Remedy process and by filing a Federal Tort Claim with the Regional Office in a timely manner with no acceptable response.

<u>Chandler 379 F. 3d at 1289; Helling v. McKinney 509 US 25 35 113 S. Ct. 2475 2481 125 L. Ed. 2d 22 1993) Clearly this medical attention was so obvious to even a lay person as was noted by the Optometrist . Farsew v. West 320 F. 3d 1235 1243 (11th Cir. 2003) The Actions of the above listed Defendants constitute unnecessary and wanton infliction of pain [Taylor 221 F. 3d at 1258.</u>

### DAMAGES CLAIMED

Plaintiff claims damages for the time that he reported this to the medical staff at FCI Yazoo City until he was treated by Dr. McMillan. this time was 57 days in sever pain needlessly and causing damage that is irreversible. $15,000 a day for this time. totaling $855,000.00 Further for the permantant damage to the Plaintiff's eye and the permanant disability that he now suffers, his age is now 54 years of age, with a life expectancy of 85 that is 31 years of age, 372 months at $7000 per month comes to $2,604,000.00 this is for the inability to make an income that he normally would have been able to, and for the expenses that he will incur due to this injury for the future. [<u>Gonzalez v. United States Lexis 110215 (8th Cir. 2010).</u>

## CONCLUSION

It has been held in this circuit and in other circuits, that for inmates to be put off from medical treatment for a broken jaw, or a broken leg, or other medical condition, and that the medical staff was made aware of an injury or medical situation, and they failed to seek or render proper medical treatment in a timely manner, this has been deemed to be a Violation of the Inmates constitutional rights under the Eighth Amendment. Here in this case is no different, the plaintiff sought medical treatment from the only people that is possible for him to go to. these people as listed above and in the evidence provided did refuse to render the aid and abate the medical problem for the Plaintiff. They did this in a deliberate indifferent manner, and the Plaintiff is due compensation for this from the Federal Government under the FTCA, and in the instances where the Federal Government does not accept Liability for the actions of the Federal Employees, Plaintiff is due compensation under "BIVENS". Plaintiff demands a Jury Trial which is his right.

executed and signed this the ___9___ day of ___DEC.___ 2015.

*Nathan J*  10914-002

NATHAN JENKINS  10914-002

## CERTIFICATE OF COMPLIANCE

I certify that the forgoing confirms with the page and word count and with the Type-volume rule limitations, such that are in my control to change and determine. This Brief/ Action/ Complaint was typed on the institution email system known as Cor-Links, and then was printed on the institution printer in the legal law library. I have no control over the type face/ Font/ size or any of the print characters. I then take and cut the pages and paste them in a manner that will meet as closely as possible to all federal rules of civil procedure. this does not contain over the number of pages allowed or the number of words allowed under all Federal Rules of Civil Procedure. Executed and Signed this the 9th day of December 2015.

*Nathan Jenkins 10914-002*
Nathan Jenkins, Reg. No.10914-002, Pro Se.


This he forever prays and for any other relief that this Honorable Court deems justified this the 9th day of December 2015.

*Nathan Jenkins 10914-002*
Nathan Jenkins, Reg. No. 10914-002, Pro Se.

CERTIFICATE OF SERVICE

I, Nathan Jenkins, hereby certify that I have submitted a true and correct copy of the following:

COMPLAINT AND JURY DEMAND
STATEMENT OF UNDISPUTED FACTS

This action is deemed filed at the time it was delivered to prison authorities for forwarding [see Houston v. Lack 101 L.Ed. 2d 245, (1988)] Upon the defendant(s) or Plaintiff(s) and /or their Attorney(s) or record. By placing said Motion/Action(s) in a sealed, Postage pre-paid envelope addressed to:

UNITED STATES DISTRICT COURT
CLERK OF THE COURT
501 E. COURT STREET
SUITE 2500 CLERK OF COURT ROOM
JACKSON, MS 39201-2409

UNITED STATES ATTORNEY
UNITED STATES ATTORNEY OFFICE
JACKSON, MS 39201

this legal action was deposited in the United States Mail at the FCI Yazoo City Medium Legal Mail Room, Located in Yazoo City, Mississippi. I declare, under Penalty of perjury, that the forgoing is true and correct, Pursuant to 28 USC 1746.

Executed and Signed this the 9th day of December 2015

_____ 10914 002
Nathan Jenkins, Reg. No. 10914-002, Pro Se.