```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

**NATHAN JENKINS, #10914-002**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:15-cv-908-WHB-JCG**

**UNITED STATES OF AMERICA, ET AL.**                              **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* ("Motion to Proceed IFP") on the appeal he has taken to the United States Court of Appeals for the Fifth Circuit.  Relevant to the subject Motion, the Docket shows that Nathan Jenkins ("Jenkins") filed a Notice of Appeal following entry of Final Judgment by which his Federal Tort Claims Act and <u>Bivens</u> claims were dismissed.  After Jenkins's motions for reconsideration and to vacate judgment were denied, he filed the Motion to Proceed IFP that is presently before the Court.  In his Motion to Proceed IFP, Jenkins has declared "under the penalty of perjury" that he had not received any amounts of money from any source during the past 12-month period, and that he had no money or other assets. <u>See</u> Mot. [Docket No. 67].  These statements, however, are completely contrary to the account statement from the Bureau of Prisons that shows (1) Jenkins had over $9,000.00 in his prison account at the time he was released from prison, (2) that the balance in Jenkins's prison account was transferred to him at the

time he was released, and (3) that Jenkins received multiple deposits into his prison account from both payroll and various wire transfer services during the time he was incarcerated. See Resp. [Docket No. 68], Ex. A. Jenkins has not offered any explanation for his misrepresentations to the Court, under oath, that he had no income for the twelve-month period preceding the filing of his Notice of Appeal and/or his Motion to Proceed IFP, or for his misrepresentations regarding his possession of money and/or assets.

Under 28 U.S.C. § 1915(3)(2)(A), *in forma pauperis* status can be denied on a finding that the "allegation of poverty is untrue." See also Lay v. Justices-Middle District Court, 811 F.2d 285, 286 (5th Cir. 1987)(finding that the plaintiff's falsification of the affidavit he submitted in support of his claim of poverty "warranted [the] denial of the right to proceed *in forma pauperis*"). Here, the record shows that the affidavit filed by Jenkins in support of his Motion to Proceed IFP is untrue in that it did not disclose either the amount of money that had been deposited in his inmate account during the time he was incarcerated or the amount that was transferred to him at the time he was released from prison. As the Court finds that the allegations of poverty in Jenkins's affidavit are not true, his Motion to Proceed IFP will be denied. Accordingly:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis [Docket No. 67] on the appeal he has taken to the

United States Court of Appeals for the Fifth Circuit [Appeal No. 17-60224] is hereby denied.

IT IS FURTHER ORDERED that the Clerk of Court is hereby directed to send a copy of this Order to the Clerk of Court for the United States Court of Appeals for the Fifth Circuit.

IT IS FURTHER ORDERED that Jenkins is hereby granted twenty days from the date on which this Order is entered in which to pay the required appellate filing fee or to seek further relief from the appellate court.

SO ORDERED this the 6th day of July, 2017.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE